### PEOPLE v. ALLEN.

#### Cr. No. 602; September 1, 1900.

##### 62 Pac. 170.

**Embezzlement—Information—Variance.—When an Information** for embezzlement aptly charges the defendant with having received the money of another, and willfully and feloniously appropriated it to his own use, additional averments describing the check or instrument upon which he obtained the money are immaterial, and a discrepancy between such description and the proof does not constitute a variance.

APPEAL from Superior Court, San Luis Obispo County.

James Allen was convicted of embezzlement and appeals. Affirmed.

Albert Nelson, A. J. Monohon and Graves & Graves for appellant; Attorney General Ford for the people.

COOPER, C.—Defendant was convicted of embezzlement, and has appealed from the judgment and from an order denying his motion for a new trial.

1. It is claimed that there is a variance between the information and the proof as to the instrument described in the information. We are simply told by appellant's counsel that "the variance is a fatal one." No reason is given as to the theory upon which counsel claim that the variance is fatal, and upon examination we fail to discover any theory upon which we could so hold. The information charges the defendant with having on the tenth day of January, 1898, in the county of San Luis Obispo, willfully and feloniously embezzled to his own use the sum of $110, lawful money of the United States, then and there the property of one M. F. Pimenthal. Defendant was convicted "of the crime of embezzlement, in embezzling money exceeding in value the sum of fifty dollars." The information sets forth with more particularity than necessary the facts and circumstances connected with the alleged embezzlement, and, among other things, states that Pimenthal delivered and indorsed the order or check described in the information to defendant, with directions to defendant to collect the same, and deposit the proceeds with the Andrews Banking Company, in San Luis Obispo, to the credit of Pimenthal; that defendant presented said check or order for payment, and it was paid to defendant, and he received thereon $110, which he feloniously appropriated, contrary to the trust reposed in him. The fact that defendant collected the money on the order precludes him from claiming that the order was indefinite, or different from the description of it contained in the information. The gist of the offense was receiving the money of Pimenthal and appropriating it to defendant's use. The means by which defendant received it, as detailed in the information, were wholly immaterial. If the information had left out all descriptions of the order or check, it would have charged a public offense. As the check was a wholly immaterial quantity in the elements necessary to constitute the offense charged, it becomes unnecessary to discuss the question as to the alleged variance.

2. It is next said that the witnesses Venable and Meredith "were permitted to give incompetent evidence as to the payment of the check by the Commercial Bank to the defendant, and the nondeposit of the amount in the Andrews Bank." We are not told in defendant's brief why the evidence was incompetent, counsel having aided us only by the statement,

"This is clear error." It does not appear either clearly or otherwise to us that the evidence was incompetent. It was necessary for the prosecution to prove that defendant received the money, and failed to deposit as directed, or account·for it in any manner. The witnesses were the president and book-keeper, respectively, of the bank. They testified that defendant received the $110 on the order, and that he did not deposit it in the bank.

3. Our attention is invited to folios 130 to 138. It is said that by examining the above portion of the record it will appear that the defendant was not allowed to show by proper cross-examination the animus of the witness Cuelho. We have examined the record, and find no error in the ruling of the court as to any question asked in cross-examination. The only question asking for a fact to which an objection was sustained was, "Q. How did you come to town?" It does not appear that it was very material for the jury to know how the witness came to town. Counsel for defendant, after asking a question or two, to which objections were sustained said: "We propose to prove—" The counsel for the people objected to any proposals to prove in cross-examination, and the court sustained the objection. It does not appear that any question was asked in cross-examination tending to show the animus of the witness.

This disposes of all the assignments of error in defendant's brief, and we have not the time or the inclination to look through the record for others. The judgment and order should be affirmed.

We concur: Haynes, C.; Gray, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order are affirmed.